█ LUNA PARK HOUSING CORPORATION, Respondent, v. H.R.H. CONSTRUCTION CORPORATION et al., Defendants-Appellants and Third-Party Plaintiff. KNICKERBOCKER CONSTRUCTION CORP. et al., Third-Party Defendants.— Order, Supreme Court, New York County, entered on June 8, 1971, granting permission to serve an amended complaint, affirmed. Respondent shall recover of appellant $30 costs and disbursements of this appeal. It is not unlikely in the construction of a large housing project that defects, if any, would not readily appear. We pass only on the question of whether in such a circumstance leave should be " freely given " to amend. (CPLR 3025 subd. [b].) It is understood that the defense of the Statute of Limitations, if applicable, should be available. (CPLR 203, subd. [e].) While the defendants claim prejudice because a subcontractor responsible for the additional wall-tie item has gone out of business, it appears that the corporation has not been dissolved, and that two of its three principal individuals function at the same address in a new corporation of similar name. Further, the good faith of plaintiff is established in its concession that after due deliberation and investigation, it determined not to amend to pursue a claim for sewage drain pipe problems. Concur — Capozzoli, J. P., McGivern and Kupferman, JJ.; Murphy and Steuer, JJ., dissent in the following memorandum by Steuer, J.: `We dissent. The action is against a construction corporation and its sureties for the breach of a building contract and a guarantee in connection with it. The contract was entered into in 1958. It called for the construction of five buildings comprising 1,500 apartments. Construction, involving 40 subcontracts, was completed and the buildings accepted in 1962. Over five and a half years later, in November, 1967, this action was begun based on alleged defects in construction. The original complaint refers to general breaches but sets forth four items in detail which it alleges were defective. The defendants, general contractors, impleaded the three subcontractors who had performed this work. Three years and some months later plaintiff sought leave to serve an amended complaint. The proposed amended complaint deletes the specific items relied on as breaches. The supporting affidavit avers that the relief is sought because it was discovered that the walls were bulging and that this was due to the absence of wall ties. It is apparently the theory of the application that by not specifying any particular manner in which the contract was breached, any breach would be provable, and that this probably would not be the situation under the original complaint. So in effect the amendment sought is really the insertion of a specification of nonperformance additional to

those already pleaded. In view of the very long periods which have elapsed, not only since the service of the original complaint but since the admitted discovery of the defect, we believe that allowing the amendment would be an abuse of discretion. Had the original complaint been in the present form the defendant would have been able by means of requiring a bill of particulars to limit the issues to the defects then asserted to exist and to prepare its defensive measures accordingly. It asserts without contradiction that the subcontractor responsible is now out of business and not answerable. Surely this is prejudicial. Nor can the difficulties of proof so long after the event be overlooked. Excuse for the delay cannot be countenanced. It consists in large part of the time-consuming processes by which the plaintiff, a limited profit housing corporation, acts, and the necessity for obtaining government approval of certain expenditures. This may explain, but it does not excuse, the delay, or make it any less damaging to the defendant. Nor do we deem the plaintiff's concession that allowing the amendment does not obviate the pleading of the Statute of Limitations. While this is true, it does not overcome the basic objections to allowing the pleading.